# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**A. JOSEPH RAETANO,**

      **Plaintiff,**

**v.**                                  **Case No.  8:12-cv-1625-T-30TBM**

**MAH'D MSAWEL, et al.,**

      **Defendants.**

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff's Verified Application for Attorney's and Expert's Fees, Litigation Expenses and Costs, and Incorporated Memorandum of Law Against Kohaniam, LLC d/b/a Famous Pizza Only (Dkt. 28). Defendant Kohaniam, LLC d/b/a Famous Pizza has failed to respond to the application for fees and expenses within the allowable time.  The Court, having reviewed the motion and being otherwise advised in the premises, concludes the motion should be granted in part.

Plaintiff filed this action under Title III of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et. seq.*, seeking injunctive relief for failure to comply with the architectural and structural requirements of the ADA and its implementing regulations.  On February 15, 2013, the Court entered a final default judgment against one of the defendants, Kohaniam, LLC d/b/a Famous Pizza, enjoining it from discriminating against individuals

with disabilities, requiring it to remediate the facility to remove any barriers, and awarding Plaintiff the attorney's fees, expert's fees, litigation expenses, and cost incurred in this action.

The ADA provides that "in any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  A plaintiff is considered a "prevailing party" for purposes of these provisions "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  *Farrer v. Hobby*, 506 U.S. 102, 111-112 (1993).  Plaintiff is a prevailing party in this case because he has received a final default judgment against Kohaniam.

## I.    Reasonable Attorney's Fees

Calculating an appropriate fee award under federal law involves a two-step process. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate.  *Id.*  The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation. *Id. See also  Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating factors to be considered[1]).[2]

_____

[1]The twelve factors to be considered in determining the reasonableness of attorney's fees are: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill
(continued...)

The Eleventh Circuit has recognized, however, that "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242 (1985); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433.

Plaintiff seeks an award of attorney's fees for the services provided by Attorney Todd W. Shulby in connection with this case.  In support of the request for attorney's fees, Plaintiff filed Shulby's unsworn declaration and a copy of the hours Mr. Shulby billed for the case. Mr. Shulby's declaration, standing alone, is not a sufficient basis for determining the

---

[1](...continued)
required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The manner in which the *Johnson* factors influence an award of fees must be elucidated by the court. *See In re Celotex Corp.*, 227 F.3d 1336, 1341 (11th Cir. 2000); *NAACP v. City of Evergreen, Ala.*, 812 F.2d 1332, 1336 (11th Cir. 1987) (quoting *King v. McCord*, 621 F.2d 205, 206 (5th Cir. 1980)).

[2]The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

lodestar.  "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate."  *Norman*, 836 F.2d at 1299.  The Court may, however, use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.  *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

According to Plaintiff's records, Mr. Shulby worked 8.8 hours at a rate of $350.00 per hour for a total of $3,525.00.  Mr. Shulby has been practicing law since 1995.  He has concentrated his practice on civil rights litigation since 1996 and reports that he has, to date, litigated hundreds of ADA cases.  In support of his assertion that $350.00 is a reasonable hourly rate for his work, Plaintiff cites several cases awarding fees from $250.00 per hour to $425.00 per hour, but he does not submit any affidavit or declaration from an independent attorney regarding a Tampa market rate.

Although the Court has previously awarded Mr. Shulby an hourly rate of $300.00 for similar ADA litigation, *see Raetano v. GGK, LLC*, 2008 WL 2025292, at *2 (M.D. Fla. May 9, 2008), the Court finds that $350.00 is a reasonable fee based on Mr. Shulby's experience and the current market rate in Tampa.

The Court finds that the requested 8.8 hours were reasonably spent in attaining the result for Plaintiff.  Accordingly, the Court finds that Plaintiff is entitled to $3,080.00 in attorney's fees (8.8 hours @ $350.00 hourly).

## II.    Expert's Fees

Plaintiff seeks compensation for the services of Thomas J. Ricci as an expert witness retained to evaluate the real property and improvements that are subject to the instant litigation.  The Court believes the expert fee of $185.00 is excessive based on the numerous cases within this district where Mr. Ricci was permitted an hourly rate of $150.00.  *See, e.g., Khazraee*, 2012 WL 6761657, at 3; *Raetano v. Maccason, Inc.*, No. 8:08-cv-275-T-23AEP (M.D. Fla. May 24, 2010).  Accordingly, the Court reduces Mr. Ricci's rate to $150.00 per hour.

The Court finds that 10 hours were reasonably spent in assessing the ADA violations.  Accordingly, the Court finds that Plaintiff is entitled to $1,500.00 in expert's fees (10.00 @ $150.00 hourly).

## III.    Costs

Plaintiff seeks $445.00 in litigation expenses and costs.  Specifically, Plaintiff submitted Mr. Shulby's records showing costs for the filing fee ($350.00), process server's fees ($80.00), and "photocopies, postage, etc." ($15.00).

Title 28 U.S.C. § 1920 allows the taxing of certain costs incurred in an action, including clerk fees, court reporter fees (if necessarily obtained for use in the case), witness fees, charges for copies (if necessarily obtained for use in the case), and compensation of certain court appointed experts and interpreters.  However, charges such as those for general copying, computerized legal research, postage, and other miscellaneous expenses (like parking) are not taxable.  The filing fee and process server's fees are allowable under § 1920.

Postage is clearly not recoverable, but since Plaintiff does not break down the $15.00 between photocopies and postage, the Court will not award this cost.

Accordingly, the Court finds that Plaintiff is entitled to $430.00 in litigation expenses and costs.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Verified Application for Attorney's and Expert's Fees, Litigation Expenses and Costs, and Incorporated Memorandum of Law Against Kohaniam, LLC d/b/a Famous Pizza Only (Dkt. 28) is granted in part in the amount of (1) $3,080.00 in attorney's fees, (2) $1,500.00 in expert fees, and (3) $430.00 in litigation expenses.

2.      The Clerk is directed to enter judgment in favor of Plaintiff against Defendant Kohaniam, LLC d/b/a Famous Pizza in the amount of $5,010.00.

**DONE** and **ORDERED** in Tampa, Florida on April 11, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

\S:\Odd\2012\12-cv-1625.attorneysfees&costs.frm